1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                         FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BARRY LAMON,

11              Plaintiff,                     No. CIV S-06-0156 GEB KJM P

12        vs.

13   DIRECTOR OF THE CALIFORNIA
     DEPARTMENT OF CORRECTIONS,                ORDER AND
14   et al.,
                                               FINDINGS AND RECOMMENDATIONS
15              Defendants.

16   _____/

17              Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief under 42

18   U.S.C. § 1983 and has requested leave to proceed in forma pauperis under 28 U.S.C. § 1915.

19   This proceeding was referred to this court by Local Rule 72-302 under the authority of 28 U.S.C.

20   § 636(b)(1).

21              Plaintiff has submitted a declaration that makes the showing required by 28

22   U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

23              Plaintiff is required to pay the statutory filing fee of $250.00 for this action.  28

24   U.S.C. §§ 1914(a), 1915(b)(1).  Plaintiff has been without funds for six months and is currently

25   without funds.  Accordingly, the court will not assess an initial partial filing fee.  28 U.S.C.

26   § 1915(b)(1).  Plaintiff is obligated to make monthly payments of twenty percent of the preceding

                                              1

1  month's income credited to plaintiff's prison trust account.  These payments shall be collected

2  and forwarded by the appropriate agency to the Clerk of the Court each time the amount in

3  plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

4  I.  The Complaint

5  　　　　　The court is required to screen complaints brought by prisoners seeking relief

6  against a governmental entity or officer or employee of a governmental entity.  28 U.S.C.

7  § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised

8  claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

9  granted, or that seek monetary relief from a defendant who is immune from such relief.  28

10  U.S.C. § 1915A(b)(1),(2).

11  　　　　　A claim is legally frivolous when it lacks an arguable basis either in law or in fact.

12  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28

13  (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

14  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,

15  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully

16  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th

17  Cir. 1989); Franklin, 745 F.2d at 1227.

18  　　　　　A complaint, or portion thereof, should only be dismissed for failure to state a

19  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

20  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

21  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

22  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

23  complaint under this standard, the court must accept as true the allegations of the complaint in

24  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

25  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

26  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

1    The court has determined that the complaint does not contain a short and plain

2 statement as required by Fed. R. Civ. P. 8(a)(2).  The body of the complaint consists of 83 pages

3 and 397 numbered paragraphs of allegations and is supported by an additional 16 pages of

4 declarations. Although the Federal Rules adopt a flexible pleading policy, a complaint must give

5 fair notice and state the elements of the claim plainly and succinctly.  Jones v. Community

6 Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some

7 degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.

8 Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the

9 complaint must be dismissed.

10    Many portions of plaintiff's complaint are conclusory; for example, he alleges that

11 some doctors have been "deliberately indifferent," without specifying the acts or omissions

12 underlying the claim.  Such conclusory allegations do not permit the court to determine whether

13 plaintiff has adequately pleaded a violation of his civil rights.

14    In addition, in many portions of the complaint, plaintiff fails to connect any

15 defendants to claimed violations or names many (sometimes more than one hundred) defendants

16 as being involved in violating his rights without making the connection between the defendant

17 and the acts or omissions.  A plaintiff must connect named defendants clearly with any claimed

18 denial of rights; there can be no liability under 42 U.S.C. § 1983 unless there is some affirmative

19 link or connection between a defendant's actions and the claimed deprivation. Farmer v. Brennan,

20 511 U.S. 825, 837, 843 (1994) (official's liability for deliberate indifference to assault requires

21 that official know of and disregard an "excessive risk");  Rizzo v. Goode, 423 U.S. 362 (1976);

22 Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989) ("liability under section 1983 arises only

23 upon a showing of personal participation by the defendant (citation omitted) . . . [t]here is no

24 respondeat superior liability under section 1983"); Johnson v. Duffy, 588 F.3d 740, 743-44 (9th

25 Cir. 1978) (discussing "requisite causal connection" in section 1983 cases between named

26 defendant and claimed injury); Barren v. Harrington, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A

1  plaintiff must allege facts, not simply conclusions, that show that an individual was personally

2  involved in the deprivation of his civil rights."); <u>Ivey v. Board of Regents</u>, 673 F.2d 266, 268

3  (9th Cir. 1982).  Many of plaintiff's claims are general, making it difficult for the court to

4  determine which of the defendants, if any, plaintiff claims were responsible for the asserted

5  violations of plaintiff's rights.

6        Finally, in <u>McHenry v. Renne</u>, 84 F.3d 1172, 1177 (9th Cir. 1996), the Ninth

7  Circuit Court of Appeal upheld the dismissal of a complaint it found to be "argumentative,

8  prolix, replete with redundancy, and largely irrelevant.  It consists largely of immaterial

9  background information."  The court observed the Federal Rules require that a complaint consist

10  of "simple, concise, and direct" averments.  <u>Id</u>.  As a model of concise pleading, the court quoted

11  the standard form negligence complaint from the Appendix to the Federal Rules of Civil

12  Procedure:

13            1.  Allegation of jurisdiction.

14            2.  On June 1, 1936, in a public highway, called Boylston Street, in
              Boston Massachusetts, defendant negligently drove a motor vehicle
15            against plaintiff, who was then crossing said highway.

16            3.  As a result plaintiff was thrown down and had his leg broken,
              and was otherwise injured, was prevented from transacting his
17            business, suffered great pain of body and mind, and incurred
              expenses for medical attention and hospitalization in the sum of
18            one thousand dollars.

19            Wherefore plaintiff demands judgment against defendant in the
              sum of one thousand dollars.

20

21  <u>Id</u>.

22        Phrased another way,  "Vigorous writing is concise."  William Strunk, Jr. & E.B.

23  White, The Elements of Style, § III, ¶ 13 <http://www.bartleby.com/141>.

24        Plaintiff's complaint suffers from many of the same problems as the pleading

25  dismissed in <u>McHenry</u>: there is much "'narrative rambling[].'"  <u>Id</u>. at 1176.  As in <u>McHenry</u>,

26  "[p]rolix, confusing complaints such as the ones plaintiffs filed in this case impose unfair

4

1   burdens on litigants and judges." Id. at 1179.

2          The court will, however, grant leave to file an amended complaint, **limited to**

3   **twenty pages**. These twenty pages should not include several of plaintiff's claims that do not

4   rise to the level of violations of the civil rights act.

5          A. Verbal Harrasment

6          Plaintiff alleges that several correctional officers made "derisive and some

7   ethnically inappropriate comments." Compl. ¶ 62. Allegations of threats and verbal harassment

8   do not state a claim under the Civil Rights Act. See Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir.

9   1987) ("it trivializes the eighth amendment to believe a threat constitutes a constitutional

10  wrong"); Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir. 1987) (verbal harassment or

11  abuse by itself is not a constitutional deprivation). These allegations have no place in an

12  amended complaint.

13         B. Access To The Courts

14         Plaintiff claims that several of the defendants destroyed trial transcripts and other

15  legal resources, thus interfering with his access to the courts. Compl. ¶¶ 97-102. Although an

16  inmate has a constitutionally protected right of meaningful access to the courts, this does not

17  translate into an "abstract, free-standing right" to possess legal materials. Lewis v. Casey, 518

18  U.S. 343, 351 (1996); Bounds v. Smith, 430 U.S. 817, 820-21 (1977). To prevail on a claimed

19  denial of access, a plaintiff must show "actual injury." Lewis, 518 U.S. at 351. Here, plaintiff

20  avers that he was unable to pursue the denial of his habeas petition to the Ninth Circuit because

21  of the loss of his transcripts. Compl. ¶ 99. He does not allege, however, that he was prevented

22  from filing a notice of appeal or otherwise explain how the deprivation of his transcripts impeded

23  his ability to seek further review. While plaintiff may be able to allege the requisite injury, this

24  complaint is insufficient. His claim about the seizure of his other legal materials fails to state a

25  claim for denial of access to the courts.

26  /////

1      C.  <u>Problems With Mail</u>

2              In another set of numbered paragraphs, plaintiff alleges that fifty-two defendants

3  have censored his regular and legal mail; "lost" legal documents he has attempted to mail;

4  opened "legal" mail from the courts outside of his presence; interfered with his mail so that

5  letters have never reached their recipients; removed certificates of service were from legal

6  documents he mailed out; prevented him from mailing proof showing exhaustion of state

7  remedies in <u>Lamon v. Pliler</u>, Civ. No. S-03-0423 FCD CMK P; and delayed providing him with

8  mail from the courts.  Compl. ¶¶ 112-168.

9              Mail to and from the courts is not legal mail, so any claims that mail from the

10  courts was not treated in a confidential manner does not state a claim.  <u>Keenan v. Hall</u>, 83 F.3d

11  1083, 1094 (9th Cir. 1996), <u>as amended by</u> 135 F.3d 1318 (9th Cir.1998) (order).  Moreover, it is

12  an open question in this Circuit as to whether allegations that prison officials have opened and

13  inspected legal correspondence outside the presence of an inmate state a claim for relief.

14  <u>Sherman v. MacDougall</u>, 656 F.2d 527 (9th Cir. 1981).  Accordingly, any such claims should not

15  be included in an amended complaint.

16              Plaintiff is informed that the court cannot refer to a prior pleading in order to

17  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended

18  complaint be complete in itself without reference to any prior pleading.  This is because, as a

19  general rule, an amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375

20  F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

21  longer serves any function in the case.  Therefore, in an amended complaint, as in an

22  original complaint, each claim and the involvement of each defendant must be sufficiently

23  alleged.

24  II.  <u>Motion For the Appointment Of Counsel</u>

25              On January 23, 2006, plaintiff filed a motion for the appointment of counsel.  The

26  United States Supreme Court has ruled that district courts lack authority to require counsel to

represent indigent prisoners in § 1983 cases. <u>Mallard v. United States Dist. Court</u>, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). <u>Terrell v. Brewer</u>, 935 F.2d 1015, 1017 (9th Cir. 1991); <u>Wood v. Housewright</u>, 900 F.2d 1332, 1335-36 (9th Cir. 1990). In the present case, the court does not find the required exceptional circumstances. Plaintiff's request for the appointment of counsel will therefore be denied.

III.   <u>Motion For A Temporary Restraining Order</u>

On January 23, 2006, plaintiff filed a motion for a temporary restraining order and preliminary injunction, preventing defendants from torturing him and seeking an immediate transfer. On March 6, 2006, plaintiff filed a change of address, showing he is no longer at CSP-Sacramento, the locus of the events about which he complains.

When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. <u>See</u> <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975); <u>Dilley v. Gunn</u>, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, plaintiff's motion should be denied as moot.

IV.   <u>The Document Received April 21, 2006</u>

On April 21, 2006, the Clerk of the Court received a document from plaintiff, consisting of numerous pages with a jagged hole penetrating the entire stack of documents. Taped in the hole are packets of what appear to be condiments. The court will not attempt to ascertain the meaning or purpose of such a filing, but will warn plaintiff that filing such matter is an abuse of the judicial process. Accordingly, the court will not direct that the document be filed, but rather will direct it be returned to plaintiff. Should plaintiff continue to send such material to the court he will be subject to sanctions, including dismissal of the action.

/////

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $250.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice and this order, particularly the page limitation; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

5. Plaintiff's January 23, 2006 request for the appointment of counsel is denied.

6. Plaintiff's January 23, 2006 request for a temporary restraining order is denied.

7. The Clerk of the Court is directed to photocopy the face sheet of the document received April 21, 2006 and make it part of the court's record, but thereafter return the entire document to plaintiff.

IT IS HEREBY RECOMMENDED that the January 23, 2006 motion for a preliminary injunction be denied.

/////
/////
/////
/////
/////
/////
////

8

1           These findings and recommendations are submitted to the United States District

2    Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within ten days

3    after being served with these findings and recommendations, plaintiff may file written objections

4    with the court.  The document should be captioned "Objections to Magistrate Judge's Findings

5    and Recommendations."   Plaintiff is advised that failure to file objections within the specified

6    time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153

7    (9th Cir 1991).

8    DATED:  April 24, 2006.

9

10   _____
                    UNITED STATES MAGISTRATE JUDGE

11

12

13

14

15   2
16   lamo0156.14

17

18

19

20

21

22

23

24

25

26