IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,

      Plaintiff,                    No. CIV S-06-156 GEB KJM P

    vs.

DIRECTOR, CALIFORNIA
DEPARTMENT OF CORRECTIONS
AND REHABILITATION,

      Defendant.                 <u>ORDER</u>

_____/

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action. Pending before the court are plaintiff's motion to amend his complaint (docket no. 18), motion to appoint counsel (docket no. 22), motion to file an amended complaint exceeding twenty pages (docket no. 24) and motion for a protective order (docket no. 31). In addition, plaintiff has filed a first amended complaint, consisting of 180 pages of pleading and exhibits, despite this court's order of April 25, 2006 restricting any amended complaint to twenty pages.

I. <u>Motion To Amend The Complaint And To File A Complaint Exceeding Twenty Pages</u>

        The motion to amend the complaint is moot in light of the fact that plaintiff filed an amended complaint on August 22, 2006.

/////

1

The motion for leave to file an amended complaint exceeding twenty pages is denied.  Plaintiff's amended complaint is dismissed and plaintiff is given leave to file a second amended complaint, **not to exceed twenty pages**, within thirty days of the date of this order. Fed. R. Civ. P. 8(a).

II. Motion For The Appointment of Counsel

The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases.  Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989).  In certain exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1).  Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  In the present case, the court does not find the required exceptional circumstances.  Plaintiff's request for the appointment of counsel will therefore be denied.

III. Motion For A Protective Order

Plaintiff has filed a motion for a protective order, consisting of 198 pages of pleadings and exhibits.  In the body of the motion, he misrepresents several actions taken by the Honorable Craig M. Kellison, Magistrate Judge, and includes much "immaterial, impertinent [and] scandalous matter." Fed. R. Civ. P. 12(f);  Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 665 (7th Cir. 1992); Wilkerson v. Butler, 229 F.R.D. 166, 170-71 (E.D. Cal. 2005).  This document is ordered stricken from the record.

Accordingly, IT IS HEREBY ORDERED:

1. Plaintiff's motion to amend his complaint (docket no. 18) is denied as moot;

2. Plaintiff's motion to file a complaint (docket no. 24)  exceeding 20 pages is denied.

3. Plaintiff' motion for the appointment of counsel (docket no. 22) is denied;

4. Plaintiff's motion for a protective order (docket no. 31) is stricken;

5. Plaintiff's amended complaint (docket no. 25) is dismissed.  Plaintiff is granted

thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, the Local Rules of Practice and this order, particularly the page limitation; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

      6. The Clerk of the Court is directed to send plaintiff the form for a civil rights action by a prisoner.

DATED: March 29, 2007.

_____
U.S. MAGISTRATE JUDGE

2

lamo156.ord

3