IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LAMON,

    Plaintiff,                    No. CIV S-06-0156 GEB KJM P

    vs.

DIRECTOR, CALIFORNIA
DEPARTMENT OF CORRECTIONS,
et al.,                              ORDER AND

    Defendants.             FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a California prisoner proceeding pro se with a suit for violation of civil rights under 42 U.S.C. § 1983. Plaintiff's two motions to compel and motion to change pleadings are before the court; several other matters warrant the court's attention as well.

I. <u>October 30, 2008 Motion to Compel</u> (Docket No. 103)

    A. <u>Documents</u>

        Plaintiff asks the court to compel defendants to provide further responses to plaintiff's request to produce documents, set number one, and specifically requests 1 through 8 and 10 through 18.

        In request no. 1, plaintiff asks defendants to produce copies of all grievances and complaints received by any defendant concerning the mistreatment of prisoners and any memoranda or other documents created in response to such complaints, from January 21, 2001

1

through the date of response.  In request no. 2, plaintiff seeks any grievances, complaints, or other documents received by defendants Downing, Johnson, Paizis and Moghaddis, concerning medical negligence, malpractice or abuse of inmate patients.  Plaintiff asserts he plans to use these documents as character evidence, to establish chronic and systemic misconduct on the part of defendants.  Defendants argue plaintiff's requests are overbroad and burdensome, because they are not limited to prior bad acts but instead extend to proven and unproven allegations and further because the requests are not limited to prior bad acts that are similar to the claims at issue in this action.  Opp'n at 2.

Litigants "may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . ."  Fed.R.Civ.P. 26(b)(1).  For these purposes relevant information is that which is "reasonably calculated to lead to the discovery of admissible evidence."  Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir.1992) (citation omitted).  Although admissibility at trial is not the standard for discovery disputes, the material sought must have some evidentiary value.  Martinez v. Cornell Corrections of Texas, 229 F.R.D. 215, 218 (D.N.M. 2005).

> When the discovery sought appears relevant on its face, the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance . . . or is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure.  Conversely, when the relevancy of the discovery is not readily apparent on its face, the party seeking the discovery has the burden to show the relevancy of the request.

Cardenas v. Dorel Juvenile Group, Inc., 232 F.R.D. 377, 382-83 (2005).

Despite the limitations imposed by Rule 404(b) of the Federal Rules of Evidence, courts have found "prior suits or disciplinary proceedings" or "prior civilian complaints made against the defendants and incidents of excessive force by individual defendants," when sufficiently similar to claims in the complaint, to be discoverable.  Cox v. McClellan, 174 F.R.D. 32, 34 (W.D.N.Y. 1997) (prior complaints of excessive force); Renshaw v. Ravert, 82 F.R.D.

1  361, 363 (E.D. Penn. 1979) (suits or discipline concerning abuse of authority); Martinez v.
2  Cornell Corrections of Texas, 229 F.R.D. at 223 (claims of sexual harassment or gender-related
3  misconduct).  Such material is discoverable even if the complaints sought were not substantiated.
4  Barrett v. City of New York, 237 F.R.D. 39 (E.D.N.Y. 2006).  Even if the material ultimately is
5  not admissible, information about prior similar complaints may lead to admissible information or
6  may be relevant to credibility.  Renshaw, 82 F.R.D. at 363.

7         Accordingly, the court grants requests one and two, limited to documents relating
8  to any allegations that Walker hired inmates to attack other inmates; that Parker and Lorusso
9  improperly used pepper spray on inmates; and Downing, Johnson, Paizis and Moghaddas misled
10 inmates about prescribed drugs and improperly prescribed drugs.  These requests are denied in all
11 other respects.

12         Request no. 3 asks for a full and complete copy of plaintiff's CDCR central file,
13 from February 13, 1997 through the date of response.  In the present motion, plaintiff has
14 narrowed his request to documents from his central file related to plaintiff's "safety concerns,"
15 dating from February 2004 through the present.  Defendants say plaintiff has access to non-
16 confidential portions of his central file through established institutional procedures and that they
17 thus have afforded plaintiff access to his central file.  Plaintiff responds that, contrary to
18 defendants' claims, he has not been given any access to his central file.  Pl.'s Response to Defs.'
19 Opp'n (Docket No. 129) at 2.  Given the record before the court, the court will direct defendants
20 to ensure plaintiff has an opportunity to review his central file, and to file a declaration, within
21 thirty days from the date of this order, providing relevant details confirming plaintiff's actual
22 review of his central file.

23         In request no. 4, plaintiff asks for copies of mail logs and other documents
24 reflecting dispatch and receipt of confidential correspondence from August 14, 2002 through the
25 present.  This request is moot, because plaintiff has been served, on October 8, 2008, with copies
26 /////

3

of responsive documents for the relevant time frame.  <u>See</u> Defs.' Opp'n (Docket No. 126), Ex. A. Plaintiff does not specifically refute as much in his reply.

Request no. 5 is for copies of documents reflecting all day to day supervisory notes on plaintiff while he resided in administrative segregation and security housing unit placement, from August 14, 2002, through the date of the response.  Defendants say their counsel has made arrangements for plaintiff to review the documents responsive to this request, namely the CDCR 114-A forms found in his central file.  Opp'n at 5.  In his reply, plaintiff avers he has not seen his 114-A forms.  Here as well, the court will direct defendants to confirm plaintiff's actual review of his 114-A forms and to file a declaration within thirty days providing the relevant details.

Request no. 6 is for movement sheets, showing plaintiff's cell transfers and the names of his cellmates.  Defendants represent they have provided computer print outs of plaintiff's cell assignments and the names and prison numbers of his cell mates.  Docket No. 126-5 at 6-23.[1]  This request is thus moot.

Plaintiff was served with all the documents that are responsive to request no. 7 on October 8, 2008, with the exception of the audiotape of the proceeding on October 6, 2004.  <u>See</u> Docket No. 126, Ex. B.  Defendants have not specifically addressed the audiotape of the proceeding, which plaintiff seeks because of problems he identifies with the transcript.  This request is granted as to the audiotape but denied as to everything else.

In requests 8, 17, and 18, plaintiff seeks copies of documents previously filed by plaintiff in legal proceedings.  Request no. 8 calls for copies of two declarations from inmates, which plaintiff filed with the original complaint in the instant action.  In requests 17 and 18, plaintiff asks for copies of all documents filed in other lawsuits filed by plaintiff.  None of the contentions made by plaintiff provides a legal basis for compelling defendants or their counsel to

---

[1] The court refers to the numbers assigned by the CM/ECF system.

4

1 obtain copies of court documents originally filed by plaintiff, for a fee, and then provide these
2 documents to plaintiff at no cost to him. See Docket No. 103 at 11. The motion to compel
3 further responses to requests 8, 17 and 18 will be denied.
4       In request no. 10, plaintiff asks for a complete copy of all nine volumes of his
5 medical and mental health records. Defendants have provided a declaration saying they informed
6 plaintiff he could use established procedures to gain access to the non-confidential portions of his
7 medical and mental health records, and actually gave plaintiff access to all his records for the
8 relevant time period of August 14, 2002 to February 23, 2006, in response to a different set of
9 discovery requests. See Docket No. 126 at 12 & Exs. C & E. Defendants represent there is
10 nothing more that can be compelled. In his motion, plaintiff concedes he has been able to review
11 his medical records, but says certain portions of those records are missing. Docket No. 103 at 12.
12 In his reply, plaintiff in fact acknowledges receipt of "more than six-hundred pages" of mental
13 health records, while objecting to their filing with the court. Reply at 2. Defendants will not be
14 compelled to respond further to request no. 10.
15       In request no. 11, plaintiff asks for any and all books, logs or other documents
16 relating to grievances he filed between March 28, 2002 and February 26, 2006. Plaintiff states
17 the documents are relevant to his claims that defendants O'Brien, Dovey and Doe obstructed his
18 access to the appeals process. These three defendants have been dismissed from the lawsuit;
19 therefore the motion to compel as to request no. 11 is moot.
20       Request no. 12 asks for all books, files, records, grievances, complaints or other
21 documents received by defendant Walker or his agents within CDCR, from 1997 through 2001,
22 reflecting CDCR officials' enlisting of certain individuals to act as "peacekeepers." Plaintiff
23 states this information is necessary to prove the habits of defendant Walker, and other officials,
24 in enlisting the bloodline gang to harm inmates. Defendants' objection that the request is
25 overbroad, insofar it seeks personnel information of individuals who are not parties to this action,
26 is well-taken. As to the personnel information of defendant Walker, defense counsel asserts

disclosure should not be compelled because it will undermine the security of the prison and will jeopardize the safety of prison employees. The information requested, however, may be relevant and not available to plaintiff through other means. Therefore the court will review responsive documents to determine whether any should be produced and, if so, subject to what protections. Within twenty days from the date of this order, defendants will be ordered to provide to the chambers of the undersigned unredacted copies of all documents in defendant Walker's personnel record that pertain to enlisting inmates to act as "peace-keepers"; these documents may be submitted directly to chambers for in camera review only at this time.

With respect to request nos. 13 and 14, the court will not compel responses because they relate to plaintiff's allegations of poisoning by tainted meals, which are no longer part of this suit. Similarly, compelling a response to request no. 15 is not appropriate, as stolen legal materials are not at issue in this action.

Finally, plaintiff has received the materials responsive to request no. 16; no further response will be compelled. See Docket No. 126, Ex. D.

B. Interrogatories

Plaintiff also moves to compel responses to his first set of interrogatories. Defendants are correct that they received an extension of time for these responses. Based on their representation that responses have been served, which plaintiff does not challenge, this part of plaintiff's motion is moot.

II. December 8, 2008 Motion to Compel Responses to Interrogatories (Docket No. 110)

A. First Set of Interrogatories

Plaintiff asks the court to compel responses to his first set of interrogatories, served on defendants Moghaddas, Johnson, Downing and Paizis, and in particular interrogatories 2 through 15 and 18 through 21. See Docket No. 110 at 5-6. No response will be compelled to interrogatories 7, 15, 18, 19, 20 and 21 because plaintiff has not identified why defendants' responses to these interrogatories are insufficient. Id. at 11, 19-20; Equal Rights Center v. Post

6

Properties, Inc., 246 F.R.D. 29 (D.D.C. 2007) (party seeking to compel has the burden of showing that the answer is incomplete or evasive).

In interrogatory no. 2, plaintiff asks if defendants treated plaintiff for mental illness between August 14, 2002 and February 23, 2006. Three defendants responded they did not have a present recollection of treating plaintiff and one defendant stated he had a limited recollection of treating plaintiff. As part of their responses, consistent with Federal Rule of Civil Procedure 33, defendants also provided plaintiff with a copy of his inpatient records accompanied by a declaration by the custodian of records authenticating these documents. Docket No. 126, Ex. C. Plaintiff has not shown that defendants' responses are inadequate or incomplete; therefore no further response will be compelled to interrogatory no. 2.

Interrogatory no. 3 asks defendants if California Code of Regulations, Title 15, section 3353, requires them to obtain an inmate's informed consent prior to treating that inmate with drugs. Defendants responded that section 3353 applies to medical treatment, not mental health treatment, and provided plaintiff with sections 3363 and 3364 of Title 15. Defendants argue they should not be compelled to answer a question that was not posed. However, defendants themselves readily construed plaintiff's intended question, notwithstanding plaintiff's citation to the wrong section of the regulations, and the question as intended seeks information potentially relevant to plaintiff's case. Defendants will be ordered to provide a response to interrogatory no. 3, construed as follows: "Does Title 15, California Code of Regulations, sections 3363 and 3364, require you to get an inmate's informed consent prior to treating him with drugs?"

In response to interrogatories 4, 5, 6, 8, 9, 10, 11 and 12, defendants represent that they gave answers to the best of their recollection and further referred plaintiff to the medical records provided in response to interrogatory no. 2. Plaintiff has not shown why these responses do not provide him with sufficient answers.

/////

Finally, no response will be compelled to interrogatories 13 and 14 because they seek information that is either irrelevant or inadmissible, namely information related to tainting of food, which is not at issue in this action, and information regarding mere accusations of prior inappropriate contact.

### B. Second Set of Interrogatories

Plaintiff asks the court to compel responses to plaintiff's second set of interrogatories, propounded on defendants Johnson, Walker, Parks, Lorusso, Downing and Moghaddas. The second set of interrogatories consists of interrogatory no. 1, which has at least twenty subparts. See Docket No. 110 at 23. The Federal Rules of Civil Procedure permit a party to serve up to twenty-five interrogatories, including all discrete subparts, on any other party. Fed. R. Civ. P. 33(a). A party is required to request leave of court to serve additional interrogatories in excess of the twenty-five permitted by Rule 33. Id. Prior to the second request for interrogatories, plaintiff had already served a number of interrogatories on each defendant. Defendants Moghaddas, Johnson and Downing each were served with twenty-one interrogatories. See Docket No. 110 at 34, 45, 57, 68. Defendants Parks and Lorusso each were served with twenty interrogatories. See Docket No. 94 at 44, 56. Defendant Walker was served with fifteen interrogatories. See Docket No. 94 at 32.

Plaintiff did not ask the court for permission to serve interrogatories in excess of the presumptive limit of twenty-five interrogatories set by Rule 33. Under these circumstances, the court will not compel responses in excess of that limit. However, to the extent each defendant served with the second set of interrogatories has not yet responded to twenty-five, responses up to the limit will be compelled. Thus, defendants Moghaddas, Johnson and Downing will be directed to respond to the first four subparts of the interrogatory included in the second set; Parks and Lorusso to the first five subparts; and Walker to the first ten subparts. In so responding, defendants will not be required to create a new document compiling information, but merely provide direct responses to the questions posed.

III. <u>Plaintiff's Motion to Change Pleadings</u> (Docket No. 109)

On October 3, 2008, plaintiff filed a motion "for leave to change pleadings" based on Rule 15(a) of the Federal Rules of Civil Procedure. Docket No. 90. In its order of November 25, 2008, the court denied plaintiff's motion because it construed it to be an objection to the screening order, in part because plaintiff did not attach any proposed amended complaint to his request. Docket No. 107 at 1-2. Plaintiff filed objections to that order, in which he renewed his request to "change pleadings" and attached a proposed third amended complaint. Docket No. 109.

Three causes of action against eight defendants survived the screening of plaintiff's second amended complaint. <u>See</u> Docket No. 44. In his proposed third amended complaint, filed after the discovery cutoff set with respect to the second amended complaint, plaintiff seeks to introduce new claims against more than sixty defendants, and to reintroduce some previously screened out claims.

The court considers five factors in evaluating a motion for leave to file an amended complaint: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether plaintiff has previously amended the complaint. <u>Johnson v. Buckley</u>, 356 F.3d 1067, 1077 (9th Cir. 2004). Here, plaintiff's inclusion of previously screened-out claims suggests bad faith at least in part. Even if it did not, the timing of the proposed new complaint after discovery has closed represents undue delay and will work a prejudice on defendants who have expended significant time litigating in response to the second amended complaint. Moreover, plaintiff has previously been given the opportunity to amend the complaint, more than once. To the extent any of his new claims against previously unnamed defendants may be colorable, nothing stands in the way of plaintiff's seeking to initiate a separate action. Plaintiff's request will be denied.

/////

/////

IV. Other Matters

Plaintiff filed a motion for temporary restraining order and for preliminary injunction on January 20, 2009. Docket No. 116. In the motion, plaintiff asks the court to grant injunctive relief to prevent the alleged ongoing poisoning of his meals. As noted, the allegations of poisoning previously were screened out of the second amended complaint and the court, in this order, is denying plaintiff's motion to file a third amended complaint containing more allegations of poisoning. The court may not grant plaintiff injunctive relief for claims that are not part of the present suit. See, e.g., Omega World Travel v. Trans World Airways, 111 F.3d 14, 16 (4th Cir. 1997); Devose v. Herrington, 42 F.3d 470 (8th Cir. 1994); Lebron v. Armstrong, 289 F.Supp.2d 56, 61 (D. Conn. 2003). Accordingly, the undersigned will deny the request for a temporary restraining order and recommend that plaintiff's request for injunctive relief be denied.

As part of their opposition to the motion to compel, defendants have requested the filing, under seal, of plaintiff's medical and mental health records. Docket No. 127. Plaintiff has expressed concerns over this filing. See Docket No. 129 at 2. The court sees no need to keep the voluminous medical records at this time and so directs the Clerk of the Court to return them to counsel for defendants. Should defendants seek to attach portions of these records to a motion for summary judgment, they may seek to file such portions under seal at that time.

Defendants have filed a motion to modify the court's scheduling order. Docket No. 131. Good cause appearing, that motion is granted as outlined below.

Finally, the court is compelled to address plaintiff's abuse of his litigation privileges. One recent example of such abuse is plaintiff's 565-page motion for injunctive relief. See Docket No. 116. To prevent future abuse, the court will impose a **twenty-five page limit on all of plaintiff's future filings in this action**. Plaintiff is warned that failure to comply with this restriction may result in sanctions, including possible limitations on the number of filings pending at any one time and dismissal of the suit.

IT IS HEREBY ORDERED that:

1. Plaintiff's October 30, 2008 motion to compel (Docket No. 103) is granted in part and denied in part:

    A. The motion is granted with respect to Request Nos. 1 and 2, limited to documents relating to any allegations that Walker hired inmates to attack other inmates; that Parker and Lorusso improperly used pepper spray on inmates; and that Downing, Johnson, Paizis and Moghaddas misled inmates about prescribed drugs and improperly prescribed drugs. Defendants shall provide these documents to plaintiff within thirty days of the date of this order.

    B. The motion is granted with respect to Request Nos. 3 and 5, in that defendants are directed to confirm plaintiff's review of his central file and his CDCR 114-A forms, and file a declaration within thirty days from the date of this order confirming plaintiff's actual review.

    C. The motion is granted with respect to Request No. 7, such that defendants shall provide plaintiff with the audiotape covered by the request within thirty days of the date of this order.

    D. With respect to Request No. 12, within twenty days from the date of this order, defendants are ordered to provide to the chambers of the undersigned, for in camera review, non-redacted copies of documents found in defendant Walker's personnel records that pertain to enlisting inmates to act as "peace-keepers."

    E. The motion is denied in all other respects.

/////
/////
/////

11

2. Plaintiff's December 8, 2008 motion to compel (Docket No. 110) is granted in part and denied in part:

    A. Defendants Moghaddas, Johnson, Downing and Paizis are ordered to respond to interrogatory no. 3, as construed in the body of this order. <u>See</u> page 7 <u>supra</u>.

    B. Defendants Moghaddas, Johnson and Downing are directed to respond to the first four subparts of the interrogatory contained in plaintiff's second set of interrogatories. Defendants Parks and Lorusso are directed to respond to the first five subparts of the same interrogatory, and defendant Walker to the first ten subparts.

    C. The motion is denied in all other respects.

3. Plaintiff's motion to change pleadings (Docket No. 109) is denied.

4. Defendants' request to file, under seal, plaintiff's medical and mental health records (Docket No. 127) is denied as unnecessary. The Clerk of the Court is directed to return these records to counsel for the defendants.

5. Defendants' motion to modify the court's scheduling order (Docket No. 131) is granted as follows:

    A. The court's scheduling order (Docket No. 66) is vacated, with dates to be set in the future as necessary;

    B. The new discovery deadline for discovery between plaintiff and defendant Ellis only is sixty days from the date of this order; and

    C. The new deadline to file any dispositive motion is ninety days from the date of this order.

6. Plaintiff's motion for a temporary restraining order (docket no. 116) is denied.

/////

/////

7. Plaintiff's future filings may not exceed twenty-five pages each. Failure to comply with this restriction may result in sanctions, including restricted access to court and dismissal of the suit.

IT IS HEREBY RECOMMENDED that plaintiff's January 20, 2009 motion for a for preliminary injunction (Docket. No. 116) be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 30, 2009.

U.S. MAGISTRATE JUDGE

ar/2
lamo0156.mtc