IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LOUIS LAMON,

    Plaintiff,               No. CIV S-06-0156 GEB KJM P

    vs.

DIRECTOR, CALIFORNIA DEPARTMENT OF CORRECTIONS, et al.,

    Defendants.         ORDER

/

       Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. There are a number of motions or matters appearing as motions pending before the court; in addition, plaintiff has filed a number of documents describing perceived problems in securing access to his central file.

I. Motion For An Extension Of Time

       Simultaneously with filing his motion to compel, plaintiff filed a separate motion explaining that the motion to compel was a few days late because of the restrictions on his access to the law library, the only place he can make copies. His request is well-taken and the motion is deemed timely.

/////

1

II. Motion For The Return Of Exhibits

Plaintiff asks the court to return several original declarations filed in connection with the original complaint. Even though the case is proceeding on the second amended complaint, the documents plaintiff seeks are part of the court's record and will not be released.

III. Document Regarding Transfer

Although this document is labeled a "motion" on the court's docket, plaintiff does not appear to be asking the court to order his transfer. Rather, he attaches a copy of a grievance he has filed seeking a transfer and a copy of an order in another of plaintiff's cases in this district, Civ. No. S-03-423. Plaintiff says "I am lodging this letter and a copy of said appeal . . . with this Court, for the purpose of keeping accurate trial records." Docket No. 151 at 2.

Because this document does not "state with particularity the grounds for seeking the order" or "state the relief sought," the court declines to deem it a motion under Rule 7(b) of the Federal Rules of Civil Procedure. Moreover, the Local Rules of this court recognize that motions, oppositions and replies shall be filed within the time periods set forth in the rules; the rules do not countenance a party's continuous filings outside the schedule. Local Rule 78-230(m). Despite his status as a pro se litigant, plaintiff must follow the rules of procedure. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987). Finally, "[e]very paper filed with the Clerk of this Court, no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re McDonald, 489 U.S. 180, 184 (1989).

The court will not act as plaintiff's filing cabinet. Should plaintiff continue to file matters apparently unrelated to this action or that are not proper motions, the court will consider imposing sanctions, including possibly restrictions on the number of papers plaintiff may file in this case or dismissal of the action.

/////

/////

IV. <u>Motion To File An Amended "Traverse" and Amended Traverse</u>

On July 1, 2009, this court directed defendants to make plaintiff's central file available to him and to review defendant Walker's personnel records for any information about Walker's use of inmates as "peace-keepers." In their response, defendants provided a declaration from M. Kimbrell, who avers that plaintiff "was permitted to review his central file on July 2, 2009" and "permitted to review his 114-A forms on July 17, 2009." This declaration was supported by a form signed by plaintiff acknowledging the reviews. Docket Nos. 135-3 & 135-4. Defendants appear to acknowledge that plaintiff was not permitted to make copies of any of the materials relating to his placement in segregation. Docket No. 134-4.

Defendants have also submitted a declaration from litigation coordinator L. Young, who avers that a review of defendant Walker's personnel record did not disclose any documents relating to Walker's alleged use of inmates as "peace-keepers." Docket No. 135-5.

Plaintiff has filed four documents in response. In the first, filed simultaneously with defendants' explanation, plaintiff complains that although he was allowed to review his central file, he has not been provided the copies he requested. He also says he has not been allowed to review his 114-A log. Docket No. 137.

In the second document, filed July 27, 2009, plaintiff alleges that the material he reviewed has "been purged of the majority of all material relevant and pertinant [sic] to the instant action. . . ." Docket No. 138 at 1. He also supplies a copy of the chrono, attached to defendants' response, which shows he was not given copies of the requested material.

Finally, he has filed a "traverse" and an "amended traverse" to the defendants' response. The court deems the "traverse" superseded by the "amended traverse" and so considers only the latter document. In this "amended traverse," plaintiff again alleges that he has not been given an adequate opportunity to review his files and claims that defendants' denial of the existence of relevant materials in defendant Walker's files is suspect.

/////

3

1    Plaintiff suggests that there must be material in Walker's files because, in
2 essence, another inmate, a Jimmy Harmon, has made similar claims against defendant Walker
3 and that a subsequent investigation covered up such claims.  Plaintiff has provided a statement
4 from Walker, not submitted under penalty of perjury, in which Walker relies on hearsay in
5 support of his claim that Walker ordered gang members to kill him and has engineered a "three-
6 strikes" prosecution against him in retaliation for his participation in the investigation.  Docket
7 No. 146 at 7-16.  This statement is not sufficient to prove what plaintiff seeks to show, despite
8 the author's claim that it provides "clear and compelling" evidence of the allegations against
9 defendant Walker.  Docket No. 146 at 8.

10   Second, plaintiff suggests that Young's declaration is suspect because a different
11 litigation coordinator, one I. O'Brien, lied in a declaration submitted in connection with another
12 of plaintiff's cases.  The court rejects plaintiff's reasoning in this regard.

13   Neither the Harmon declaration nor the claim based on the alleged perjury of a
14 different declarant proves that there must be something undisclosed in Walker's personnel
15 records.  Moreover, plaintiff has not substantiated his claim that materials were removed from
16 his file prior to his review.

17   Plaintiff has shown, however, that he has not received the copies he requested
18 during his reviews of his CDCR files.  Nevertheless, this could have been shown in a single
19 motion or document; four separate filings were not necessary.  Plaintiff is admonished that in the
20 future he is permitted only a single response to a filing by the defendants; should he desire to
21 submit additional materials, he must seek leave of the court to do so in advance.  Once again, he
22 is warned that should he continue to engage in continuous filings, he may be subject to sanctions,
23 including dismissal of the action.

24   IT IS THEREFORE ORDERED that:

25   1. To the extent that docket number 151 may be deemed a motion, it is denied;

26 /////

2. To the extent that docket number 151 may be deemed to be plaintiff's attempt to use the court file as a filing cabinet, it is stricken;

3. Plaintiff's motion for the return of original exhibits (docket no. 155) is denied;

4. Plaintiff's motion for leave to file an amended traverse (docket no. 145) is denied as moot;

5. Plaintiff's motion for an extension of time (docket no. 156) is granted and the motion to compel is deemed timely; and

6. Defendants are directed to inform the court why plaintiff was not permitted to make copies of the materials he requested during the two reviews of his CDCR files and what steps are being taken to ensure plaintiff receives the material; this response is due within thirty days of the date of this order.

DATED: October 20, 2009.

_____
U.S. MAGISTRATE JUDGE

2

lamo156.ord.