1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BARRY LAMON,

11              Plaintiff,                        No. CIV S-06-156 GEB KJM P

12        vs.

13   DIRECTOR, CALIFORNIA
     DEPARTMENT OF CORRECTIONS
14   AND REHABILITATION, et al.,

15              Defendants.              ORDER
                                   /
16

17          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

18   42 U.S.C. §1983.  He has filed a motion to compel, a motion to hold defendants' summary

19   judgment motion in abeyance, and a motion to file single copies of his documents.

     I.  Motion To Compel
20

21          Plaintiff alleges that the court's order of June 30, 2009 is too narrowly tailored to

22   be effective with respect to defendant Walker's personnel file, that defendants Downing, Johnson

23   and Lorusso's answers to plaintiff's second set of interrogatories are evasive, that defendants

24   Downing, Moghaddas, Johnson and Paizis's amended response to plaintiff's interrogatory

25   number three is evasive, that defendant Ellis's responses to plaintiff's interrogatories and request

26   for production of documents are evasive, and that plaintiff's second set of requests for

                                              1

1   admissions were not addressed in the court's ruling on plaintiff's first motion to compel.  He also

2   alleges that the CD of a hearing provided to him was blank and that he has not been given

3   sufficient access to materials from his central file.  Defendants have opposed the motion.

4           A.   Defendant Walker's Amended Responses

5         Plaintiff revisits his claim that there must be information in defendant Walker's

6   personnel file about his recruiting of inmates to act as peacekeepers and refers to the material

7   supporting his amended traverse (docket no. 146).   Nothing in this document causes the court to

8   amend its previous rulings.

9           B.   Defendants Downing, Johnson and Lorusso's Response to Second Set of
               Interrogatories

10

11        On the first page of the motion to compel, plaintiff contends that defendants

    Downing, Johnson and Lorusso's amended responses to plaintiff's second set of interrogatories
12
    are evasive.   Docket No. 154 at 1.  He does not address this contention in the body of the motion
13
    by explaining which answers he finds evasive or why he deems them to be evasive.  Moreover,
14
    he has not attached copies of the responses he deems inadequate.   See Local Rule 250.2 (c).  He
15
    has not borne his burden of demonstrating he is entitled to an order compelling further discovery.
16
            C.   Defendants' Downing, Moghaddis, Johnson And Paizis's Amended Responses
17             To Interrogatory Three

18        The court directed defendants Downing, Moghaddis, Johnson and Paizis to

19  respond to interrogatory three, which asked whether certain sections of the California

20  Administrative Code require them to obtain an inmate's informed consent before treating him

21  with drugs.  The defendants responded that the sections did not specifically require informed

22  consent; that they must secure informed consent before administering certain psychotropic

23  medications; but that these medications may be administered in an emergency without consent

24  until a Keyhea[1] is requested.  See, e.g., Docket No. 160-3 ¶ 3.

25

26     [1]  In Keyhea v. Rushen, 178 Cal.App.3d 526 (1986), the court held that prisoners were
    entitled to a judicial determination of their competence to refuse treatment before they can be

1    Plaintiff says that this answer is simply one more example of the defendants'

2  "game-playing" because the defendants earlier maintained that these code sections governed the

3  requirement to secure informed consent.   Docket No. 154 at 3.  If there are contradictions in the

4  defendants' positions, plaintiff may be able to exploit them to his advantage.  Defendants have

5  answered plaintiff's question; plaintiff cannot compel them to answer in a manner satisfactory to

6  him.

7    In the order of June 30, 2009, the court directed these same defendants to provide

8  documents relating to claims by other inmates that these defendants misled the inmates about

9  prescribed drugs and that these defendants improperly prescribed drugs.  Defendants answered

10  that they conducted a diligent search but do not have  grievances in their possession or control

11  raising these claims apart from grievances submitted by plaintiff.  See, e.g. Docket No. 160-4 ¶ 2.

12  Plaintiff argues that this answer is "fraudulent" because he knows of other inmates who have

13  filed grievances alleging abuse by these defendants.  Docket No. 154 at 4.  He asks for a hearing

14  "to address the continued efforts of defendants to suppress culpable evidence against

15  themselves," but provides nothing but his own assertion that such documents exist.  Id.

16    Plaintiff has not borne his burden of showing the existence of the documents he

17  seeks or that the defendants have control over any such documents.  See United States v.

18  International Union Of Petroleum Workers, 870 F.2d 1450, 1452 (9th Cir. 1989); Alexander v.

19  Federal Bureau of Investigation, 186 F.R.D. 128 (D.D.C. 1998).

20    Plaintiff also complains that he has been unable to play the CD of his Keyhea

21  hearing because of delays in getting a CD player and  because when a CD player was provided

22  for him, the disc was blank.  Docket No. 163 at 2-3.   The court will ask counsel for defendants

23  to ensure that plaintiff is given access to a disc that plays properly.

24  /////

25

26  subjected to long-term, involuntary psychotropic medication.

D. <u>Defendant Ellis</u>

In interrogatory 12, plaintiff asked defendant Ellis whether CSP-Sac Operating Procedures require the presence of a supervisor before a calculated use of force.  Docket No. 160-5 ¶ 12.  Defendant responded that he is not aware of any such operating procedure and then referred plaintiff to a section of the California Code of Regulations.

Plaintiff contends that this answer is evasive; he provides an index of operational procedures from CSP-Corcoran which, he alleges, show that there is such a policy.  Nothing in that index, however, shows a policy on "calculated use of force," whether confidential or public.  Plaintiff has pointed to nothing concrete that casts doubt on Ellis's answer and so has not borne his burden to compel discovery.

In Interrogatory 17, plaintiff asked whether Ellis alleged in the report of September 7, 2005, that he was scared of plaintiff or that plaintiff posed a threat to anyone or to institutional security.  Defendant Ellis replied that he alluded to his fear by writing that he used pepper spray until he felt it was safe to enter.  Docket No. 160-5 ¶ 17.  This is sufficient: "alleged" means "asserted to be true as described."  Black's Law Dictionary (7th ed.) at 74.  Plaintiff has not shown that an allegation must be straightforward.  This is sufficient.

E. <u>Second Set Of Requests For Admissions</u>

Plaintiff alleges that his motion to compel answers to his second set of requests for admissions was not addressed in the court's order of June 30, 2009, but that he did not realize this earlier.

Plaintiff has filed five motions to compel discovery, including the one currently under consideration.

In the motion to compel filed July 30, 2008 (docket no. 77), plaintiff complained that defendants had not responded adequately to his three sets of requests for admissions.

/////

/////

1    In the motion to compel filed October 15, 2008 (docket no. 94), plaintiff took

2    issue with defendants Walker, Parks and Lorusso's responses to plaintiff's first set of

3    interrogatories and request for production of documents.

4    In his motion to compel filed October 30, 2008 (docket no. 103), plaintiff took

5    issue with defendants' responses to plaintiff's first request for the production of documents and

6    to the defendants' failure to answer some of his interrogatories and respond to another request for

7    the production of documents.

8    In the motion to compel filed December 8, 2008 (docket no. 110), plaintiff

9    challenged the defendants' responses to his first and second sets of interrogatories and requests

10   for production of documents.

11   On November 25, 2008, the court denied the motions docketed as numbers 77 and

12   94 without prejudice because defendants had requested and received additional time in which to

13   respond.  The court advised plaintiff that if the requests were not answered to his satisfaction, he

14   could file a request to have the matters reopened.  His current request, filed after the October 2,

15   2010, deadline for filing dispositive motions has passed, is too late.

16       F.   Documents From Plaintiff's Prison File

17   In its earlier order, the court asked defendants' counsel to report on plaintiff's

18   access to his central file.  Counsel has submitted a declaration from G. Nichols, who avers that

19   plaintiff reviewed his central file on July 2, 2009, and that Nichols provided plaintiff with copies

20   of documents on September 16, 2009.  Docket No. 168-2.  Plaintiff "specifically and

21   vehemently" denies that he has been provided with any documents.  Docket No. 163 at 4 ¶ 19.

22   He alleges that had he been given documents, a trust account withdrawal form would have been

23   prepared to pay for the materials and that none was prepared.  Id. ¶¶ 20-21.  Nichols avers, in

24   contrast, that plaintiff was given the documents free of charge.  Docket No. 168-2 ¶¶ 4-5.

25   Plaintiff has attached a number of documents that appear to be from his central

26   file to his declaration and to his motion to hold the proceedings in abeyance.  See, e.g., Docket

5

1   No. 163 at 16-18; Docket No. 164 at 16, 19.  These suggest that plaintiff has received the access

2   he desired.

3   II.  Motion To File Single Copies

4          Plaintiff has asked to file single copies of documents and to be excused from the

5   requirement that he serve documents on defendants' counsel because of difficulties accessing the

6   law library to make copies; defendants have not opposed the request.  It will be granted.

7   III.  Motions To Stay Summary Judgment Proceedings

8          Plaintiff has filed two requests to stay proceedings on summary judgment.   In the

9   first motion, plaintiff claims that the discovery he believes is outstanding will permit him to

10  defeat summary judgment.  Docket No. 164.  To the extent that this motion is based on Federal

11  Rule of Civil Procedure 56(f), it is insufficient.  Brae Transp., Inc. v. Coopers & Lybrand, 790

12  F.2d 1439, 1443 (9th Cir. 1986) ("Rule 56(f) requires affidavits setting forth the particular facts

13  expected from the movant's discovery.  Failure to comply with the requirements of Rule 56(f) is a

14  proper ground for denying discovery and proceeding to summary judgment.").

15         In the second motion, plaintiff alleges that he has been transferred to CSP-Sac for

16  trial in Lamon v. Lytle, Civ. No. S-03-0423 AK, which "is scheduled to last throughout March

17  29, 2010," and that he was allowed to bring only materials relating to the scheduled trial.  Docket

18  No. 173.  The court's docket reflects that trial in Lamon v. Lytle is scheduled to begin on March

19  29 and to last two days and that plaintiff's only remaining deadline in that case is the filing of

20  proposed voir dire questions seven days before trial.  Plaintiff has not described any steps he has

21  taken to have his additional legal materials sent to him at CSP-Sac.

22         IT IS THEREFORE ORDERED that:

23         1.  Plaintiff's motion to compel (docket no. 154) is denied;

24         2.  Plaintiff's motion to submit single copies (docket no. 165) is granted;

25         3.  Plaintiff's motion for an extension of time in which to file a motion to hold

26  hearing in abeyance (docket no. 157) is denied as moot;

1    4. Plaintiff's motions to hold proceedings in abeyance (docket nos. 164 and 173)

2    are denied;

3    5. Counsel for the defendants is directed to ensure that plaintiff is given access to

4    an audible disc of the <u>Keyhea</u> hearing within thirty days of the date of this order; and

5    6.  Plaintiff's opposition to the motion for summary judgment is due within forty-

6    five days of the date of this order.  Defendants' reply, if any, is due thirty days after the

7    opposition is filed.

8    DATED:  January 28, 2010.

9

10   _____
     U.S. MAGISTRATE JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26   lamo0156.mtc+