1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10    BARRY LOUIS LAMON,

11              Plaintiff,                    No. CIV S-06-0156 GEB KJM P

12         vs.

13    DIRECTOR, CALIFORNIA
      DEPARTMENT OF CORRECTIONS
14    AND REHABILITATION, et al.,

15              Defendants.                    ORDER
      _____/

16

17              Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

18    42 U.S.C. § 1983.   He has filed a motion to compel discovery, a motion for assistance in getting

19    access to his legal property, and two motions for additional time in which to file his opposition to

20    the motion for summary judgment.

21    I.  Motion To Compel

22         A.  Defendant Ellis

23              Plaintiff asks the court to compel defendant Ellis to provide a copy of the video-

24    taped use of force interview.   He notes that defendant has refused to provide the video because

25    the request was served after the discovery cut-off date.   He argues, however, in essence, that the

26    request was timely because defendant Ellis filed his answer after the scheduling order had

1  issued.  He claims "as long as I am not acting in bad-faith, the defendants should be made to

2  produce evidence as crucial as to this action . . . ."  Docket No. 182 at 2.

3            Defendants counter that neither the request nor the motion to compel are timely.

4            Plaintiff's request is disingenuous and borders on an action taken in bad faith.

5  On July 1, 2009, the court established a new sixty day discovery deadline as to defendant Ellis

6  only.  Docket No. 134.   Plaintiff's request for production was dated September 16, 2009, after

7  the sixty day period had expired.   In addition, plaintiff received two extensions of time in which

8  to file motions to compel and did file a motion on October 2, 2009; he did not challenge

9  defendant Ellis's refusal to provide a copy of the video-taped use of force interview, despite his

10  current claim that it is "totally critical" to his case.  Docket No. 182 at 4; <u>see</u> Docket No. 154.

11            Plaintiff is cautioned that he may be subject to sanctions, including dismissal of

12  the action, should he file additional baseless motions that misrepresent the record in this case.

13        B.  <u>Recording Of The Hearing To Medicate</u>

14            Plaintiff alleges that he was unable to make proper notes because of the

15  conditions under which he listened to the recording of this hearing.  Plaintiff has failed to explain

16  why the procedure, although possibly cumbersome, has hampered his ability to make use of the

17  material on the compact disc.

18  II.  <u>Motion For Assistance In Obtaining Legal Materials</u>

19            Plaintiff contends that officials at CSP-Corcoran will expedite the provision of

20  legal materials if the court clerk verifies that an inmate has a pending deadline.  Plaintiff may

21  show officials a copy of this order, which establishes his deadline below.

22  III.  <u>Motions For The Extension Of Time</u>

23            Plaintiff has filed two motions for the extension of time, one asking for fifteen

24  days, one asking for thirty days, in which to file his opposition to the pending motion for

25  summary judgment.

26  /////

1        Defendants' motion has been pending since September 2009.   In October 2009

2   and January 2010, plaintiff  asked that the proceedings be held in abeyance, representing that he

3

4   would not be able to respond because of a trial that was "scheduled to last throughout March 29,

5   2010."  Docket No. 173 at 1.  The court noted that plaintiff's claim was misleading, because the

6   trial was scheduled to begin on March 29, 2010.

7        Plaintiff will be given the additional fifteen days he requested but no further

8   extensions will be granted.  If his motion is not filed within that period, the court will deem the

9   failure to file a waiver of any opposition and will decide the motion on defendants' papers only.

10               IT IS HEREBY ORDERED that:

11        1.  Plaintiff's motion to compel (docket no. 182) is denied;

12        2.  Plaintiff's request for assistance (docket no. 185) is denied;

13        3.  Plaintiff's motions for additional time (docket nos. 187 & 188) are granted and

14   plaintiff is granted fifteen days from the date of this order in which to file and serve an

15   opposition to defendants' motion for summary judgment.  Defendants' reply, if any, is due

16   within fourteen days of the filing of plaintiff's opposition.

17   DATED:  May 20, 2010.

18                                        _____

19                                        U.S. MAGISTRATE JUDGE

20   2/md
    lamo0156.36

21

22

23

24

25

26