1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

BARRY LOUIS LAMON,

11
              Plaintiff,

12                                        Civ. No. S-06-0156 KJM CKD P
        vs.

13

DIRECTOR, CALIFORNIA

14 DEPARTMENT OF CORRECTIONS
   AND REHABILITATION, et al.,              ORDER

15
              Defendants.

16 _____/

17          Plaintiff is a state prison inmate proceeding pro se with a civil rights action under

18 42 U.S.C. § 1983.  He has filed a motion to disqualify the undersigned, a motion for a temporary

19 restraining order, and a motion for the appointment of expert witnesses.

20 I.  Motion To Disqualify And Motion To Reconsider (ECF Nos.  239 & 247)

21          Plaintiff has filed a motion to disqualify the undersigned under 28 U.S.C.

22 § 455(b)(1) and a motion for reconsideration of an earlier order denying plaintiff's request that

23 the undersigned recuse herself.  He says he has filed a motion to reconsider an order adopting

24 findings and recommendations that the undersigned issued as a magistrate judge and argues that

25 the undersigned has issued orders that conflict with the Federal Rules of Civil Procedure and

26

1

established federal practice, to defendants' benefit.  He notes he has asked the Chief Judge of this district to investigate his allegations.

Under 28 U.S.C. § 455(a), a judge must disqualify herself if her impartiality might reasonably be questioned; under 28 U.S.C. § 455(b)(1), disqualification is appropriate if the judge has a personal bias or prejudice against a party.  The judge whom a party seeks to disqualify rules on the request.  *Bernard v. Coyne* (*In re Bernard*), 31 F.3d 842, 843 (9th Cir. 1994).

Plaintiff bases his claim on several rulings issued by the undersigned while she was a magistrate judge.  However, "[j]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *Liteky v. United States*, 510 U.S. 540, 555 (1994).  While rulings may be proper grounds for appeal, they are an insufficient basis for recusal unless, "in the rarest circumstances [they] evidence the degree of favoritism or antagonism required. . . ."  *Id.*

A judge's opinions, formed during the course of the proceedings, similarly rarely show deep seated antagonism or favoritism, even if those remarks are "critical or disapproving of, or even hostile to, . . . the parties, or their cases."  *Id.*

To the extent plaintiff seeks disqualification of the undersigned based on rulings, he has not demonstrated that those rulings show deep-seated antagonism or favoritism or otherwise shown that this court will be unable to rule fairly on any issues remaining in the case.  Moreover, the undersigned is unaware of any reason she cannot continue to be impartial in exercising her duties relating to this case.  *See United States v. Holland*, 519 F.3d 909, 915 (9th Cir. 2009).

To the extent plaintiff suggests recusal is necessary because he is seeking reconsideration of the findings and recommendations the undersigned issued, the court notes that plaintiff's challenge to the findings and recommendations granting in part and denying in part defendants' motion for summary judgment has been stricken.  ECF No. 250.  Even if the

/////

1  challenge had not been stricken, however, plaintiff's request for reconsideration would not be a

2  sufficient basis for recusal.  *See Dawson v. Marshall*, 561 F.3d 930, 933-34 (9th Cir. 2009).

3          Finally, to the extent plaintiff suggests that his request for an investigation is a

4  ground for disqualification, he is mistaken.  *M&I Marshall & Ilsley Bank v. McGill*, 2011 WL

5  2652569, at *1 (D. Ariz. June 30, 2011) (citing *In re Mann*, 229 F.3d 657, 658-59 (7th Cir. 2000)

6  (judicial complaint is not sufficient basis for disqualification because of possibility of

7  manipulation)).

8  II.  <u>Motion For A Temporary Restraining Order</u> (ECF No. 257)

9          Plaintiff's motion for a temporary restraining order exceeds the twenty-five page

10  limitation imposed on plaintiff's filings. (ECF No. 134).  It is stricken.

11  III.  <u>Motion For The Appointment Of Expert Witnesses</u> (ECF No. 254)

12          Plaintiff seeks the appointment of expert witnesses in the fields of psychiatry, use

13  of pepper-spray, and photography.   He cites to Rules 702 and 706(a) of the Federal Rules of

14  Evidence, but asks for experts to "testify on my behalf at trial."  ECF No. 254 at 2.

15          To the extent plaintiff seeks the appointment of his own experts, the request is

16  denied.  The expenditure of public funds on behalf of an indigent litigant is proper only when

17  authorized by Congress.  *Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989).  The in forma pauperis

18  statute does not authorize the expenditure of public funds for expert witnesses.  *See* 28 U.S.C.

19  § 1915.

20          Rule 706 of the Federal Rules of Evidence gives the court the discretion to

21  appoint experts.  *Walker v. American Home Shield Long Term Disability Plan*, 180 F.3d 1065,

22  1071 (9th Cir. 1999).  Appointment may be appropriate when "scientific, technical, or other

23  specialized knowledge will assist the trier of fact to understand the evidence or decide a fact in

24  issue. . . ."  *Ledford v. Sullivan*, 105 F.3d 354, 358-59 (7th Cir. 1997).  As defendants have not

25  responded to this motion, the court will address it at the trial confirmation hearing.

26  /////

1         IT IS THEREFORE ORDERED:

2         1.  Plaintiff's motion for disqualification (ECF No. 247) and motion for

3   reconsideration of an earlier denial of disqualification (ECF No. 239) are denied.

4         2.  Plaintiff's motion for a temporary restraining order (ECF No. 257) is stricken.

5         3.  The court will consider the motion for the appointment of experts (ECF No.

6   254) at the trial confirmation hearing.

7   DATED:  November 8, 2011.

8

9   _____

10  UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26