1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   BARRY LOUIS LAMON,

11            Plaintiff,                        Civ. No.  S-06-156 KJM CKD P

              vs.
12                                              ORDER

13   DIRECTOR, C.D.C.R., et al.,

14            Defendants.

15   _____/

16            Defendants Ellis, Lorusso and Parks propose to call Cheryl Paizis, D.O. to testify

17   about plaintiff's mental health history.  They argue that the testimony is relevant to plaintiff's

18   credibility and would not be unduly prejudicial.   Plaintiff opposes the request.

19            Although in some circumstances, a court may permit a party to offer evidence of a

20   party or witness's mental health history to assist the jury in resolving questions of credibility,

21   *United States v. Kohring*, 637 F.3d 895, 910 (9th Cir. 2011), the court declines to do so in this

22   case.  Although Dr. Paizis says she consulted plaintiff's deposition, the complaint and his

23   medical records, she also acknowledges that she treated plaintiff during 2004 and 2005.  To the

24   extent her opinions are derived from that treatment, they are arguably privileged.  *Jaffee v.*

25   *Redmond*, 518 U.S. 1, 9-10 (1996).   Because of the real possibility that Dr. Paizis's testimony is

26   based on privileged information and the potential for prejudice from many of the incidents

1

1  described in Dr. Paizis's report, the court determines that her testimony is not admissible.  FED.

2  R. EVID. 403, 501.

3                    IT IS SO ORDERED.

4  DATED:  March 8, 2012.

7                                              UNITED STATES DISTRICT JUDGE