IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BARRY LOUIS LAMON,

      Plaintiff,                    No. CIV S- 06-156 KJM CKD

   vs.

DIRECTOR, CALIFORNIA
DEPARTMENT OF CORRECTIONS
AND REHABILITATION, et al.,

      Defendants.

_____/

       This case was tried before a jury on plaintiff's claims of excessive force against defendants LoRusso, Ellis and Parks. Trial began on March 19, 2012 and continued until March 23, 2012, when the jury returned a verdict in defendants' favor. ECF Nos. 294, 297, 301, 303, 306. Before judgment was entered in accordance with the verdict, plaintiff filed a declaration in lieu of a motion for a new trial. ECF No. 308. Judgment was then entered on March 23, 2012. ECF No. 311.

       Plaintiff was represented at trial by appointed counsel Aldon Bolanos and Kresta Daly, who were relieved as counsel after the verdict.

/////

1

Plaintiff filed a notice of appeal on March 30, 2012. On April 3, 2012 he filed a motion for relief from the jury's verdict and for a new trial, relying on Rules 50(b) and 60(b)(6) of the Federal Rules of Civil Procedure. ECF No. 316. Defendants have opposed this motion, asserting this court does not have jurisdiction to rule on it. ECF No. 319. As provided by the Federal Rules of Civil Procedure, the notice of appeal has not divested this court of jurisdiction over resolution of the motion. FED. R. CIV. P. 62.1 (a)(2).

Federal Rule of Civil Procedure 50(b) governs renewed motions for judgment as a matter of law, following a motion made under Rule 50(a),[1] and provides that the court may: "(1) allow judgment on the verdict, if the jury returned a verdict; (2) order a new trial; or (3) direct the entry of judgment as a matter of law." In rendering its decision on a Rule 50 motion, the court views the evidence in the light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *Lakeside-Scott v. Multnomah County*, 556 F.3d 797, 802 (9th Cir. 2009), *cert. denied*, 130 S.Ct. 2089 (2010); *Josephs v. Pacific Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). "The test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs*, 443 F.3d at 1062. In this case, plaintiff has presented nothing but conclusory arguments, citing to the fact that he was in his cell when the officers used pepper spray against him and to a statement from defendant LoRusso that it was his job to make prisoners behave. ECF No. 316 at 2. Much of plaintiff's argument takes issue with the court's original screening order and plaintiff's dissatisfaction with counsel. *Id*. However, in light of the officers' testimony that they applied force only after plaintiff acted out, and the deference accorded to the officers' actions, the court cannot find that only a single reasonable conclusion, contrary to the verdict, could have been reached.

---

[1] Plaintiff did not make a motion for judgment as a matter of law during the trial and argues that his attempt to do so was thwarted by counsel Bolanos and Daly. ECF No. 316 at 2. Because of this claim, the court will consider the argument on its merits even though its prerequisite–a motion under Rule 50(a)–was not made during trial.

1       Under Rule 60(b)(6) a party may seek relief from a judgment or order for "any other reason that justifies relief." *Hamilton v. Newland*, 374 F.3d 822, 825 (9th Cir. 2004). This section should be applied sparingly, to prevent "manifest injustice," *United States v. State of Washington*, 98 F.3d 1159, 1163 (9th Cir. 1996), and should be used "'only where extraordinary circumstances prevent a party from taking timely action to prevent or correct an erroneous judgment.'" *Latshaw v. Trainer Wortham & Co, Inc*., 452 F.3d 1097, 1101 (9th Cir. 2006) (quoting *United States v. Washington*, 394 F.3d 1152, 1157 (9th Cir. 2005), *overruled on other grounds by United States v. Washington*, 593 F.3d 970 (9th Cir. 2010) (en banc).

Plaintiff argues he was deprived of the materials he had prepared in anticipation of trial, including a 73-page "Trial Plan, Notebook and Legal Briefs," plus a 41-page motion to vacate the court's findings and recommendations on defendant's motion for summary judgment, which he gave to prison authorities for photocopying and which have not yet been returned to him. ECF No. 316 at 6-7. He also complains about appointed counsel's actions and failures to act, about the conditions under which he was housed at CSP-Sacramento pending trial (in a psychiatric unit, next to gravely disabled inmates), and about the court's screening order which, in plaintiff's view, improperly truncated his presentation of the instant case. He also argues that the transport officers improperly provided information to counsel for defendants.

While an attorney's "gross negligence" may justify relief under Rule 60(b)(6), plaintiff has shown only that he and his lawyers disagreed on the way to proceed. *Slama v. City of Madera*, 1:08-cv-00810 AWI SKO, 2011 WL 3667334, at *6-9 (E.D. Cal. Aug. 22, 2011), *adopted by* 2011 WL 4055299 (E.D. Cal. Sep. 12, 2011). The court's observation of counsel during trial supports the conclusion that far from acting negligently, counsel represented plaintiff appropriately.

None of plaintiff's other complaints rises to the level of extraordinary circumstances. While plaintiff alleges he has not yet received his trial preparation materials back from prison officials, he nevertheless has not even suggested how his possession of them would

3

1 have influenced the judgment.  Similarly, the fact that officials did not return plaintiff's attack on
2 the findings and recommendations on summary judgment does not satisfy Rule 60(b)(6) in light
3 of the fact that plaintiff submitted a 42 page objection to those findings, which was rejected by
4 the district court.[2]  In addition, the court excluded any testimony from the transport officers
5 about their conversations with plaintiff during trial, and plaintiff has not otherwise explained
6 how their reports to defense counsel created a manifest injustice.  Finally, although plaintiff's
7 housing conditions at CSP-Sacramento appear to be highly undesirable, plaintiff has not made
8 the necessary connection between these conditions and any lack of fairness of the trial.

        IT IS THEREFORE ORDERED that plaintiff's motions for a new trial (ECF Nos. 308 & 316) are denied.

DATED:  May 8, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[2] In addition, plaintiff has not explained whether this motion was different from one he submitted earlier that was stricken because it exceeded the court's page limit.  He also does not address whether he could have moved to have that motion reconsidered.  ECF Nos. 245, 250.